# EXHIBIT C

Exhibit C

12/11/2019 2:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39168216
By: Joshua Carroll
Filed: 12/11/2019 2:14 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN AND SHELLY NUNEZ, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND MARTIN | § | |
| JACKIE RAY, JR., | § | |
| | § | _____ DISTRICT COURT |
| | § | |
| *Defendant.* | | |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Juan and Shelly Nunez, ("Plaintiffs"), and files **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") and Martin Jackie Ray, Jr. ("Ray") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.     Plaintiffs Juan and Shelly Nunez, reside in Harris County, Texas.

3.     Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois insurance company, engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company, through its registered agent for service: **c/o CT Corporation System, 1999 Bryan Street, Suite 900,**

**Dallas, Texas 75201-3136**.  Plaintiffs request service at this time.

4.    Defendant Martin Jackie Ray, Jr. is an individual resident of Lufkin, Texas.  Ray may be served with citation at the address listed with the Texas Department of Insurance**: 2406 Frank Avenue, Apt. 109, Lufkin, Texas 75904-8367**.  Plaintiffs request service at this time.

## JURISDICTION

5.    The Court has jurisdiction over Allstate Vehicle and Property Insurance Company because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Ray because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiffs assert claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiffs own an Allstate Vehicle and Property Insurance Company insurance policy,

number 000838681903 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at **6722 Carrington Ridge Lane Humble, Texas 77346** ("the Property").

10. Allstate Vehicle and Property Insurance Company or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate Vehicle and Property Insurance Company represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' Property.

11. On or about May 10, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Humble/Harris County, Texas area.

12. In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number 000545261273 to Plaintiffs claim.

13. Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14. Allstate hired or assigned its agent, Ray, to inspect and adjust the claim.  Ray conducted an inspection on or about May 18, 2019, according to the information contained in his estimate.  Ray's findings generated an estimate of damages totaling $9,441.66. After the application of depreciation and $3,820.00 deductible, Plaintiffs were left without adequate funds to make repairs on the entirety of their claim.

15. Allstate, through its agent, Ray, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Allstate and Ray have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. Specifically, Ray found damage

3

under deductible.  The third-party inspector hired to review the damage to the Property found damage to the roof, vents, flashings, windows, window screens, gutters, and downspouts. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior:  kitchen/dining room, living room, master bedroom and master closet.

17.  The damage to Plaintiffs Property is currently estimated at $19,602.00.

18.  Ray had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Ray.

19.  Furthermore, Ray was aware of Plaintiffs' deductible prior to inspecting the Property.  Ray had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20.  Ray misrepresented the actual amount of damage Plaintiffs Property sustained in addition to how much it would cost to repair the damage. Ray made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiffs would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21.  After reviewing Plaintiffs Policy, Ray misrepresented that the damage was caused by non-covered perils. Ray used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs Property would not be covered under the policy.

22.  As stated above, Allstate and Ray improperly and unreasonably adjusted Plaintiffs claim. Without limitation, Allstate and Ray misrepresented the cause of, scope of, and cost to

repair damages to Plaintiffs Property, as well as the amount of insurance coverage for Plaintiffs claim or loss under the Policy.

23.    Allstate and Ray made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Allstate and Ray made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Ray.

24.    Plaintiffs relied on Allstate and Ray's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs Property.  Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

25.    Upon receipt of the inspection and estimate reports from Ray, Allstate failed to assess the claim thoroughly.  Based upon Ray's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

26.    Because Allstate and Ray failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiffs' Property.

27.    Furthermore, Allstate and Ray failed to perform their contractual duties to Plaintiffs under the terms of the Policy.  Specifically, Ray performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property,

and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

28. Allstate and Ray's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiffs.

29. Allstate and Ray's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Allstate and Ray have failed to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Specifically, Allstate and Ray have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

30. Allstate and Ray's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Allstate and Ray failed to provide Plaintiffs a reasonable explanation for the underpayment of the claim.

31. Additionally, after Allstate received statutory demand on or about 10/08/2019, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs claim properly.

32. Allstate and Ray's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Ray performed a biased and intentionally substandard inspection designed to allow Allstate to refuse to provide full

6

coverage to Plaintiffs under the Policy.

33.   Specifically, Allstate and Ray performed an outcome-oriented investigation of Plaintiffs'
      claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses
      on the Property.

34.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of
      Claims.  TEX. INS. CODE §542.055.  Due to Ray subpar inspection, Allstate failed to
      reasonably accept or deny Plaintiffs full and entire claim within the statutorily mandated
      time after receiving all necessary information.

35.   Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of
      Claims.  TEX. INS. CODE §542.056.  Due to Ray's intentional undervaluation of
      Plaintiffs' claims, Allstate failed to meet its obligations under the Texas Insurance Code
      regarding timely payment of the claim.  Specifically, Ray's understatement of the damage
      to the Property caused Allstate to delay full payment of Plaintiffs' claim longer than
      allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

36.   Allstate and Ray's wrongful acts and omissions have forced Plaintiffs to retain the
      professional services of the attorneys and law firm representing him with respect to these
      causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

37.   All paragraphs from the fact section of this petition are hereby incorporated into this
      section.

## BREACH OF CONTRACT

7

38.     Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

39.     Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

41.     Allstate's unfair settlement practice of misrepresenting to Plaintiffs' material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (1).

42.     Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

43.     Allstate's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

44.     Allstate's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

45.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

46.     Allstate's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

48.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiffs claim, even though Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

49.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions

precedent to bring this cause of action against Allstate.  Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.   By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.   Allstate represented to Plaintiffs that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Allstate represented to Plaintiffs that Allstate's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's

unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.   All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**CAUSES OF ACTION AGAINST DEFENDANT MARTIN JACKIE RAY, JR.**

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

51.   All allegations above are incorporated herein.

52.   Ray's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.   TEX. INS. CODE §541.060(a).

53.   Ray is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Allstate, because Ray is a "person," as defined by TEX. INS. CODE §541.002(2).

54.   Ray knowingly underestimated the amount of damage to the Property.   As such, Ray failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.   TEX. INS. CODE §542.003(3).

55.   Furthermore, Ray did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.   TEX. INS. CODE §542.003(4).

56. Ray's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

57. Ray's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

58. All allegations above are incorporated herein.

59. Ray's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are consumers of goods and services provided by Ray pursuant to the DTPA.   Plaintiffs have met all conditions precedent to bringing this cause of action against Ray. Specifically, Ray's violations of the DTPA include the following matters:

A. By this Defendant's acts, omissions, failures, and conduct, Ray has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Ray's violations include (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiffs' Property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Ray represented to Plaintiffs that the Policy and his adjusting and investigative

services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.   Ray represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Ray's actions are unconscionable in that Ray took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.   Ray's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Ray's conduct, acts, omissions, and failures as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60.   Each of Ray's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages.   All acts, omissions, and failures were committed "knowingly" and "intentionally" by Ray, as defined by the Texas Deceptive Trade Practices Act.   TEX. BUS. & COM. CODE 17.45

**KNOWLEDGE**

61.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

**WAIVER AND ESTOPPEL**

62.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

63.   The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

64.   Plaintiffs currently estimate that actual damages to the Property under the Policy are $19,602.00.

65.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained.  The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs Property and any investigative and engineering fees incurred.

66.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

67.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

14

68.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

69.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

70.   Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

71.   For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs is entitled to recover a sum for the reasonable and necessary services of Plaintiffs attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

15

72.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiffs counsel states that Plaintiffs seek only monetary relief of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however, Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

73.   Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

74.   Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

### PRAYER

Plaintiffs pray that Defendants, Allstate Vehicle and Property Insurance Company and Martin Jackie Ray, Jr, be cited and served to appear and that upon trial hereof, Plaintiffs recover from Defendants, Allstate Vehicle and Property Insurance Company and Martin Jackie Ray, Jr. such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as

16

may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Tara L. Peveto
Bar No. 24076621
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tpeveto@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

12/11/2019 2:14:06 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39168216
By: CARROLL, JOSHUA D
Filed: 12/11/2019 2:14:06 PM

**CIVIL CASE INFORMATION SHEET**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED  JUAN AND SHELLY NUNEZ v. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MARTIN JACKIE RAY, JR.

### 1. Contact information for person completing case information sheet:

Name: Chad T. Wilson

Email: cwilson@cwilsonlaw.com

Address: 455 E Medical Center Blvd., Ste 555

Telephone: 832-415-1432

City/State/Zip: Webster, TX 77598

Fax: 281-940-2137

Signature: *(signed)*

State Bar No: 24079587

### Names of parties in case:

Plaintiff(s)/Petitioner(s):
Juan Nunez
Shelly Nunez

Defendant(s)/Respondent(s):
Allstate Vehicle and Property Insurance Company
Martin Jackie Ray, Jr.

[Attach additional page as necessary to list all parties]

### Person or entity completing sheet is:
☒ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

**Contract**

*Debt/Contract*
☒ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Family Law**

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

12/11/2019 2:14:06 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39168216
By: CARROLL, JOSHUA D
Filed: 12/11/2019 2:14:06 PM



# CHAD T. WILSON
------ L A W   F I R M , P L L C ------

December 11, 2019

Harris County District Clerk
Marilyn Burgess
201 Caroline, Suite 420
Houston, Texas 77002

RE:     Cause No._____; *Juan and Shelly Nunez v. Allstate Vehicle and Property Insurance Company and Martin Jackie Ray, Jr.;* In the _____ Judicial District Court, Harris County, Texas

Dear Ms. Burgess:

Please prepare two civil process citations via e-issuance for the following parties:

Allstate Vehicle and Property Insurance Company
c/o CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

~And~

Martin Jackie Ray, Jr.
2406 Frank Avenue, Apt. 109
Lufkin, Texas 75904-8367

I understand that there is a charge for this service.  If any additional information is needed, feel free to contact this office. Thank you for your cooperation and assistance.

Sincerely yours,

Chad T. Wilson
Texas State Bar No. 24079587
CWilson@cwilsonlaw.com

www.cwilsonlaw.com

Houston:                                        Denver:
455 East Medical Center Boulevard, Suite 555    1001 Bannock Street, Suite 239
Webster, Texas 77598                            Denver, Colorado 80204
Office: 832-415-1432    Fax: 281-940-2137       Office: 303-495-1999



12/11/2019 2:14:06 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39168216
By: CARROLL, JOSHUA D
Filed: 12/11/2019 2:14:06 PM

## Marilyn Burgess
### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

Uht:xhw#iru#Dvxdqfh#ri#Vhuylfh#

**CASE NUMBER:** _____     **CURRENT COURT:** _____

Name(s) of Documents to be served: <u>Plaintiffs' Original Petition, Jury Demand, And Request For Disclosure</u>

**FILE DATE:** _____<u>12/11/2019</u>_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>Allstate Vehicle and Property Insurance Company</u>

Address of Service: <u>1999 Bryan Street, Suite 900</u>

City, State & Zip: <u>Dallas, Texas 75201-3136</u>

Agent (if applicable) <u>CT Corporation System</u>

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service**
☐ **Citation Scire Facias**                **Newspaper** _____
☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice**
☐ **Protective Order**
☐ **Secretary of State Citation ($12.00)**   ☐ **Capias (not an E-Issuance)**   ☐ **Attachment**
☐ **Certiorari**   ☐ **Highway Commission ($12.00)**
☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment**
☐ **Habeas Corpus**   ☐ **Injunction**   ☐ **Sequestration**
☐ **Subpoena**
☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP** (phone) _____   ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____       **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                        *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**      used to retrieve the E-Issuance Service Documents.
                               Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____   Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _<u>Chad T. Wilson</u>_   Bar # or ID <u>24079587</u>

Mailing Address:<u>455 East Medical Center Blvd., Suite 555, Webster Texas 77598</u>

Phone Number:_____<u>832-412-1432</u>_____

12/11/2019 2:14:06 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 39168216
By: CARROLL, JOSHUA D
Filed: 12/11/2019 2:14:06 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

Request for Issuance of Service

**CASE NUMBER:** _____ **CURRENT COURT:** _____

**Name(s) of Documents to be served:** <u>Plaintiffs' Original Petition, Jury Demand, And Request For Disclosure</u>

**FILE DATE:** <u>    12/11/2019    </u> Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** <u>Martin Jackie Ray, Jr.</u>

Address of Service: <u>2406 Frank Avenue, Apt. 109</u>

City, State & Zip: <u>Lufkin, Texas 75904-8367</u>

Agent (if applicable) _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☒ **Citation** ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | ☐ **Notice** |
| ☐ **Protective Order** | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias (not an E-Issuance)** | ☐ **Attachment** |
| ☐ **Certiorari** | ☐ **Highway Commission ($12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | ☐ **Garnishment** |
| ☐ **Habeas Corpus** | ☐ **Injunction** | ☐ **Sequestration** |
| ☐ **Subpoena** | | |
| ☐ **Other (Please Describe)**_____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP** (phone) _____ ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____ **(No Service Copy Fees Charged)**
☐ **CONSTABLE** *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk** used to retrieve the E-Issuance Service Documents.
Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: <u> Chad T. Wilson </u> Bar # or ID <u>24079587</u>

Mailing Address:<u>455 East Medical Center Blvd., Suite 555, Webster Texas 77598</u>

Phone Number:<u>        832-412-1432        </u>

12/20/2019 3:58 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39442813
By: Kimberly Garza
Receipt Number: 855664 Filed: 12/20/2019 3:58 PM
Tracking Number: 73704479

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201987572

| | |
|---|---|
| PLAINTIFF: NUNEZ, JUAN | In the 151st Judicial |
| vs. | District Court of |
| DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT

CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201-3136

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION, JURY DEMANDAND REQUEST FOR DISCLOSURE.

This instrument was filed on December 11, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 12, 2019.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JOSHUA CARROLL

Issued at request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX  77598-0000
832-415-1432

Bar Number: 24079587

Tracking Number: 73704479
EML

CAUSE NUMBER: 201987572

PLAINTIFF: NUNEZ, JUAN

In the 151st

vs.

Judicial District Court

DEFENDANT: ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11 o'clock A M., on the 18 day of December 20 19.
Executed at (address) 1999 Bryan St. Ste 900 Dallas, Tx 75201
in Dallas County
at 11:48 o'clock A . M., on the 18 day of November , 20 19 ,
by delivering to Allstate Vehicle and Property Insurance company through Registered agent CT corporation System through Kim Hightower defendant,
in person, a true copy of this Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____ , 20 _____ .

FEE: $ _____

_____

_____ of _____

County, Texas _____

By: _____

Affiant                                    Deputy

On this day, John Buford JR _____ , known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 19 of
December , 20 19

_____
Notary Public

HEATHER L BORK
Notary Public, State of Texas
Comm. Expires 03-14-2021
Notary ID 129357186

12/30/2019 8:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39540150
By: Lisa Thomas
Filed: 12/30/2019 8:21 AM

CAUSE NO. 2019-87572

| | |
|---|---|
| JUAN AND SHELLY NUNEZ, | IN THE DISTRICT COURT |
| Plaintiffs, | |
| V. | 151ST JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND MARTIN JACKIE RAY, JR., | HARRIS COUNTY, TEXAS |
| Defendant. | |

## DEFENDANTS' ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

### I.  GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.  SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiff provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Plaintiff's failure to provide the required notice under §542A.003 prior to the filing of this action constitutes a breach of that statute. Because Plaintiff's failed to give the notice required by

Nunez, et al. vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0545261273.1

Page 1 of 4

§542A.003(b)(2) before filing this action, Plaintiffs are not entitled to recover attorneys' fees incurred after the date this defense was pled.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit. All or part of Plaintiff's claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

### III.  REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

### IV.  JURY DEMAND

Defendant formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

### V.  DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P.

Nunez, et al. vs. Allstate, et al.                                                                    Page **2** of **4**
Defendants' Original Answer and Request for Disclosure
0545261273.1

21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## VI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, prays that the Plaintiff recover nothing of and from the Defendants by reason of this suit, that Defendants be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled, and for which Defendants will in duty bound, forever pray.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

**MICHAEL MAUS**
TBN: 24008803
811 Louisiana St Ste 2400
Houston, TX 77002-1401
HoustonLegal@allstate.com
(713) 336-2842
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Nunez, et al. vs. Allstate, et al.
Defendants' Original Answer and Request for Disclosure
0545261273.1
Page **3** of **4**

**ERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 30TH day of December, 2019, to:

Chad T. Wilson
Tara L. Peveto
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
eservice@cwiIsonlaw.com

ATTORNEYS FOR PLAINTIFFS                    *VIA E-SERVE*

_____

**MICHAEL MAUS**

Nunez, et al. vs. Allstate, et al.                                                              Page **4** of 4
Defendants' Original Answer and Request for Disclosure
0545261273.1

1/2/2020 1:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39612902
By: SHANNON NORTH-GONZALEZ
Filed: 1/2/2020 1:14 PM

Receipt Number: 855664
Tracking Number: 73704485

EML
**COPY OF PLEADING PROVIDED BY PLT**

CAUSE NUMBER: 201987572

PLAINTIFF: NUNEZ, JUAN

vs.

DEFENDANT: ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

In the 151st Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: RAY, MARTIN JACKIE (JR)

2406 FRANK AVENUE APT 109

LUFKIN TX 75904-8367

Attached is a copy of PLAINTIFFS ORIGINAL PETITION, JURY DEMANDAND REQUEST FOR DISCLOSURE.

This instrument was filed on December 11, 2019, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this December 12, 2019.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: JOSHUA CARROLL

Issued at Request of:
Wilson, Chad T
455 EAST MEDICAL CENTER BLVD SUITE 555
WEBSTER, TX 77598-0000
832-415-1432

Bar Number: 24079587

Tracking Number: 73704485
EML

CAUSE NUMBER: 201987572

PLAINTIFF: NUNEZ, JUAN

     vs.

DEFENDANT: ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

In the 151st

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 9:00 o'clock A. M., on the 16th day of December, 20 19

Executed at (address) 1150 E Arapaho Rd, Richardson, Tx 75081

in Dallas County

at 8:40 o'clock A. M., on the 30th day of December, 20 19,

by delivering to Martin Jackie Ray _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this 31 day of December, 20 19.

FEE: $ 75

_____

_____ of _____

County, Texas

Heather Bork PSC# 8133

    Affiant   Exp 2/29/20

By: _____

                         Deputy

On this day _____ Heather Bork _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 31st of
December _____, 20 19

_____ Notary Public

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948